UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SALINAS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 07-4913 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　　Luis Salinas filed this action on August 2, 2007. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the Magistrate Judge on August 8 and 15, 2007. On April 18, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

　　　　Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///

///

///

///

# I.

# PROCEDURAL BACKGROUND

On December 6, 2004, Salinas filed applications for supplemental security income benefits and disability insurance benefits. A.R. 67. The applications were denied initially and upon reconsideration. A.R. 98-101. Salinas requested a hearing. A.R. 117. On September 20, 2006, an Administrative Law Judge ("ALJ") conducted a hearing at which Salinas and a vocational expert ("VE") testified. A.R. 75-91. On October 16, 2006, the ALJ issued a decision denying benefits. A.R. 64-74.[1] Salinas requested review by the Appeals Council. A.R. 51, 53. On June 22, 2007, the Appeals Council denied the request for review. A.R. 45-48. On September 4, 2007, the Appeals Council notified Salinas' counsel that it recently received and reviewed additional medical records, but "concluded that no change in the prior action is warranted." A.R. 6.

This lawsuit followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering

---

[1] Page 74 is contained in the Supplemental Certified Administrative Record.

adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

### B. The ALJ's Findings

Salinas has the following severe impairments: "cognitive disorder and a history of alcohol abuse." A.R. 73. Salinas has the following residual functional capacity (RFC): "no work involving more than simple repetitive tasks and more than a routine pace." *Id.* Salinas has no exertional limitations. A.R. 74. The ALJ found that Salinas is unable to perform his past relevant work, but "could be expected to make a vocational adjustment to work that exists in significant numbers in the national economy." A.R. 73. Examples include landscape laborer and general laborer. *Id.*

### C. The ALJ's Hypothetical to the Vocational Expert

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001);

*Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). However, "[i]f a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). The question of whether the ALJ included all of a claimant's limitations in a hypothetical is subject to harmless error analysis. *Id.*

Here, the ALJ found that Salinas has "mild restrictions in his activities of daily living, mild restrictions in maintaining social functioning, and moderate to marked deficiencies in concentration, persistence and pace." A.R. 71. Salinas is "still able to perform basic unskilled work activities." *Id.*

Based upon these restrictions, the ALJ "concludes that [Salinas] retains the following residual functional capacity: no work involving more than simple repetitive tasks and more than a routine pace." *Id.*

The ALJ's hypothetical to the VE included all of the limitations in the ALJ's RFC. The hypothetical included no physical restrictions, consistent with the ALJ's finding that Salinas had no exertional limitations. A.R. 73, 89. "We have a hypothetical individual this man's age, education, past work history, and let's say he's limited to simple tasks, routine pace." A.R. 73, 89. The VE responded with examples of unskilled work. A.R. 90.

Salinas argues, however, that the ALJ should have included in his hypothetical not only Salinas' RFC, but also the underlying findings as to his functional limitations – mild restrictions in his activities of daily living and maintaining social functioning, and moderate to marked deficiencies in concentration, persistence and pace. JS 5-6. Salinas argues that the error is not harmless because, according to Salinas, the VE testified that no occupations were available to an individual with moderate limitations in concentration, persistence and pace. JS 7.

///

4

The ALJ appears to have erred under *Thomas v. Barnhart*, 278 F.3d 947 (9th Cir. 2002), a case which was not cited by either party. In *Thomas*, the medical expert described moderate mental residual functional capacity limitations that were adopted by the ALJ. *Id.* at 953-54. The ALJ asked the VE to credit the ME's moderate mental residual functional capacity limitations and added additional restrictions to the RFC. *Id.* at 955. The claimant argued that the ALJ's hypothetical should have expressly included "deficiencies of concentration, persistence or pace, often resulting in a failure to complete tasks in a timely manner." *Id.* at 956. The Court of Appeal stated that a hypothetical should include a functional limitation such as deficiencies of concentration, persistence or pace. *Id.* Because the ALJ asked the VE to credit the ME's opinion, the Court of Appeal upheld denial of benefits. *Id.*

Here, the ALJ's hypothetical did not include moderate to marked deficiencies in concentration, persistence or pace. That does not end the inquiry, however. Even assuming the ALJ erred, harmless error analysis applies. *Matthews*, 10 F.3d at 681. Salinas argues that the error was not harmless based on his own counsel's hypothetical to the VE. However, Salinas mischaracterizes his counsel's hypothetical. Although counsel included a moderate impairment as to concentration, persistence and pace, counsel also included an inability to show up on time and that "such an individual might get lost on the way to work and therefore be late or not show at all." A.R. 90. Not surprisingly, the VE responded that no jobs would be available to such an individual.

The ALJ made no finding that Salinas was unable to show up to work on time, or would get lost on his way to work and be late or not show up at all. The ALJ need not accept as true the restrictions presented in a hypothetical question

///
///
///

5

propounded by claimant's counsel that are not in her findings.[2] *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *see also Rollins*, 261 F.3d at 857 ("the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove"); *Osenbrock*, 240 F.3d at 1164 ("Nor was the ALJ bound to accept as true the restrictions set forth in the second hypothetical question if they were not supported by substantial evidence.").

The ALJ's hypothetical, which restricted Salinas to no more than simple tasks at a routine pace, adopted the mental residual functional capacity limitations that were based upon Salinas' deficiencies. The ALJ relied on the opinion of Dr. Izzi, who performed a complete psychological examination. A.R. 70. Dr. Izzi concluded that Salinas "does appear capable of performing a simple and repetitive type task on a consistent basis over an eight-hour period." "He is not likely to have any problems getting along with peers or supervisors in a work-like setting." "On a purely psychological basis, he appears capable of responding to usual work session situations regarding attendance and safety issues" and "appears capable of dealing with changes in a routine work setting."[3] A.R. 181. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (opinion of examining physician based on independent clinical findings constitutes substantial evidence).

In *Thomas*, as noted above, the ME opined that the claimant had moderate deficiencies in concentration, persistence or pace. The VE responded that such a limitation would not be a problem in performing an unskilled job involving simple tasks. *Thomas*, 278 F.3d at 957-58.

---

[2] Salinas does not challenge the ALJ's findings as unsupported by substantial evidence. The sole issue raised is the completeness of the ALJ's hypothetical.

[3] *See also* A.R. 189 (nonexamining physician opines that Salinas "has adequate memory, concentration and understanding to do simple, repetitive tasks").

Salinas does not point to any mental residual functional capacity limitations found by the ALJ that were not included in the ALJ's hypothetical. Any error in the ALJ's hypothetical would be inconsequential to the ultimate disability determination.[4]  *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2005).

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 12, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4] Moreover, Salinas' request for an award of benefits is erroneous for another reason. "An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Salinas bears the burden of proof to establish that alcoholism was not a contributing factor to disability. *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1068 (2008).